Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000916
30-DEC-2013
08:10 AM

NO. CAAP-12-0000916

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SUZANNE M. NEMIROFF aka SUZANNE M. DITTER,
Plaintiff-Appellee,
v.
ALAN H. NEMIROFF,
Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 02-1-3779)

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Defendant-Appellant Alan H. Nemiroff (Mr. Nemiroff) appeals from the 1) "Order Regarding (1) Plaintiff's Motion And Affidavit For Post-Decree Relief Filed November 22, 2011; And (2) Defendant's Motion And Affidavit For Post-Decree Relief Filed December 16, 2011" entered September 28, 2012 (September 2012 Order), and 2) "Order Denying Defendant's Motion for Reconsideration" entered October 1, 2012 (motion to reconsider). Both orders were entered in the Family Court of the First Circuit[1] (family court).

On appeal, Mr. Nemiroff contends the family court erred when it:

(1) determined Mr. Nemiroff's obligation to pay past medical and dental insurance premiums, as well as uncovered expenses, for the parties' son (the child) from 2003 to 2012;

(2) concluded Plaintiff-Appellee Suzanne M. Nemiroff,

---

[1] The Honorable Steven Nakashima presided.

now known as Suzanne M. Ditter (Ms. Ditter), did not violate a prior family court order regarding the child's high-school tuition;

      (3) determined Mr. Nemiroff's obligation to pay for the child's college expenses for the 2011 to 2012 school year;

      (4) granted Ms. Ditter's request for attorney's fees and costs;

      (5) denied Mr. Nemiroff's motion to reconsider; and

      (6) denied Mr. Nemiroff's "Motion to Vacate Order."

## I. BACKGROUND

Mr. Nemiroff and Ms. Ditter were divorced on April 8, 2003 and have one child together. The parties' divorce decree provided, in part: (1) Ms. Ditter was to provide medical and dental insurance for the child and the parties were to evenly split the child's uninsured medical and dental expenses, (2) Mr. Nemiroff and Ms. Ditter were to split private high school tuition evenly, and (3) the allocation of college expenses between the parties was reserved.

On April 21, 2004, Mr. Nemiroff filed a motion for post decree relief with the family court. On May 14, 2004, the family court entered an order for the post-decree relief (May 2004 Order) that principally altered two parts of the parties' divorce decree. First, the May 2004 Order required the parties to evenly split the child's medical and dental insurance premiums in addition to evenly sharing the child's uninsured medical and dental expenses. Second, the May 2004 Order required Ms. Ditter to annually pay about forty percent of the child's high-school tuition, instead of half.

Three years later, Ms. Ditter moved for post-decree relief to enforce the May 2004 Order. In response, Mr. Nemiroff asked the court to revisit the division of high-school tuition because Ms. Ditter was receiving financial aid from the school. On November 21, 2007, the family court denied the request to modify the division of high-school tuition and ordered Mr. Nemiroff to pay his share of medical and dental expenses per the May 2004 Order (November 2007 Order).

In 2011, Ms. Ditter again moved for post-decree relief

2

to enforce Mr. Nemiroff's medical and dental obligations. She also asked the court to order the parties to split the child's college expenses evenly, an issue reserved in the divorce decree. In response, Mr. Nemiroff filed a motion post-decree relief. He alleged that before the parties' divorce settlement, Ms. Ditter inherited a condominium and concealed its existence and value. Mr. Nemiroff thus requested half of the proceeds from the inherited condominium's subsequent sale. Mr. Nemiroff further alleged Ms. Ditter owed him $35,034.37 for high school expenses, partly on the basis that the inherited condominium's sale put Ms. Ditter in a better financial condition than she represented for purposes of the May 2004 Order. Mr. Nemiroff also sought reimbursement for half the cost of the child's braces, cell phone expenses, and certain athletic expenses.

The parties went to trial on June 25, 2012 and the family court entered its oral ruling on June 26, 2012. Counsel for Ms. Ditter drafted a proposed order. On July 19, 2012, Mr. Nemiroff filed a motion to reconsider per Hawaii Family Court Rules (HFCR) Rule 59. On September 28, 2012, the family court adopted the proposed order with a few corrections and entered the September 2012 Order.

The September 2012 Order (1) reaffirmed Mr. Nemiroff's delinquent medical and dental expense obligations, (2) found Ms. Ditter compliant with the May 2004 Order and denied Mr. Nemiroff's request to be reimbursed for part of the child's high school tuition, (3) denied Mr. Nemiroff's request for half of the inherited condominium's value, (4) ordered Mr. Nemiroff to pay half of the child's first year of college tuition, and (5) ordered Mr. Nemiroff to pay Ms. Ditter's attorney's fees and costs.

On October 1, 2012, the family court denied Mr. Nemiroff's motion to reconsider. On October 8, 2012, Mr. Nemiroff filed a motion to vacate the September 2012 Order. On October 26, 2012, Mr. Nemiroff filed a notice of appeal from the September 2012 Order and the family court's denial of his motion to reconsider. On November 9, 2012, the family court denied Mr.

3

Nemiroff's motion to vacate.[2]

## II. STANDARD OF REVIEW

### A. Family Court Rulings

Generally, we review a family court's ruling on a motion for post-decree relief, or a motion for reconsideration, for an abuse of discretion. See Lowther v. Lowther, 99 Hawai'i 569, 577, 57 P.3d 494, 502 (App.2002). We afford the family court much discretion:

> The family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Under the abuse of discretion standard of review, the family court's decision will not be disturbed unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

In the Interest of Doe, 77 Hawai'i 109, 115, 883 P.2d 30, 36 (1994) (citations, internal quotation marks, brackets, and ellipsis omitted). "Furthermore, the burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." Ek v. Boggs, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003) (internal quotation marks, citation, and brackets omitted).

### B. Evidentiary Rulings

"[W]here the admissibility of evidence is determined by application of the hearsay rule, there can be only one correct result, and the appropriate standard for appellate review is the right/wrong standard." State v. Moore, 82 Hawai'i 202, 217, 921 P.2d 122, 137 (1996) (internal quotation marks and citation omitted).

### C. Findings of Fact and Conclusions of Law

Findings of fact are reviewed under the clearly erroneous standard and are "clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the

---

[2]     We review the family court's denial of Mr. Nemiroff's motion to vacate the September 2012 Order per Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3): "The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order."

definite and firm conviction that a mistake has been made." Schiller v. Schiller, 120 Hawai'i 283, 288, 205 P.3d 548, 553 (App. 2009) (citation omitted). Conclusions of law are freely reviewable for correctness and generally reviewed under the right or wrong standard. See Id. A conclusion of law that is supported by the trial court's findings of fact and an application of the correct rule will not be overturned. See Id.

### III. DISCUSSION

**(1) The family court did not abuse its discretion when it determined Mr. Nemiroff's obligation to pay medical and dental insurance expenses for the child from 2003 to 2012.**

The parties' divorce decree provided:

> 10. <u>Medical and Dental</u>. [Ms. Ditter] shall provide adequate medical and dental insurance coverage for the parties' minor child. With regard to those additional medical and/or dental expenses not reimbursed or covered under any insurance plans, or in the event any major, non-routine or unusual medical and/or dental expenses for the child are incurred or contemplated, Plaintiff and Defendant shall each be responsible for payment of one-half (1/2) such overages or expenses.
>
> This obligation shall continue so long as the parties, or either of them, are obligated to support the child and/or to pay the child's higher education expenses or any portion thereof.
>
> <u>This provision shall be subject to further order of the [family court]</u>.

(Emphasis added.) The May 2004 Order increased Mr. Nemiroff's original obligation, consistent with the divorce decree, to include the obligation to pay half of the child's medical and dental insurance premiums. The family court re-affirmed this obligation in the November 2007 and September 2012 Orders.

Regarding the child's medical and dental insurance premiums, the family court found that based on the evidence produced at trial: (1) Mr. Nemiroff owed $2,054.62 in unpaid medical and dental insurance premiums for the period of 2003 through 2007, and was entitled to a credit for amounts paid totaling $374.96; and (2) Mr. Nemiroff owed $2,694.54 for the period of 2008 through 2012 and that Mr. Nemiroff submitted no evidence to reduce this amount. Regarding the child's uninsured medical and dental expenses, the family court found that based on the evidence produced at trial, Mr. Nemiroff owed $509.22 for the

5

period of 2003 through 2012 and was entitled to a credit of $45.70 for amounts paid.

Mr. Nemiroff contends the family court abused its discretion in the September 2012 Order by not taking into account that Ms. Ditter "concealed funds received from sale of aunt's condominium and committed fraud by filing a Motion for Post-Decree Relief. . . indicating that she could not comply with her Divorce Decree obligations." Mr. Nemiroff waived all claims to Ms. Ditter's inherited condominium in the parties' divorce decree: "Plaintiff shall remain as the Trustee of Plaintiff's aunt's real property, and [Mr. Nemiroff] hereby waives any claim he may have thereto." And in May of 2004, Mr. Nemiroff testified Ms. Ditter "owns a condo she inherited from her aunty that does not have a mortgage and generates around $1000.00 a month or so in gross rental[.]" The family court concluded Mr. Nemiroff waived all claims he might have had to the condominium and any such claim was untimely. The family court's allocation of health related expenses is in accord with the parties' divorce decree and applicable law[3], and falls well within the bounds of reason.

**(2) The family court did not abuse its discretion when it determined that Ms. Ditter complied with prior family court orders regarding the child's high-school tuition.**

The parties' divorce decree provided that private high school tuition would be split evenly, subject to later modification. By stipulation in the May 2004 Order, the parties agreed that Ms. Ditter would only pay a specific dollar amount, which was less than fifty percent. At that time, Mr. Nemiroff

---

[3] Hawaii Revised Statutes (HRS) § 580-47 (Supp. 2012) provides in relevant part:

§580-47 Support orders; division of property. (a) Upon granting a divorce, or thereafter if . . . jurisdiction of those matters is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make any further orders as shall appear just and equitable (1) compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties[.] . . . (4) . . . In making these further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset . . . . and all other circumstances of the case.

was represented by counsel and knew of Ms. Ditter's financial condition. The family court found the allocation of high school tuition between the parties, as modified by the May 2004 Order, was a continuing obligation unless further modified by the court. The family court partly based this finding on statements Mr. Nemiroff made in opposition to the motion for post-decree relief that led to the November 2007 Order that indicated Mr. Nemiroff understood the May 2004 Order's high school tuition obligation would continue until the child graduated high-school or until the obligation was modified by further court order.

The family court's September 2012 Order concluded that (1) there was no modification to Ms. Ditter's high school tuition obligation following the May 2004 Order, and (2) Ms. Ditter met her obligation for the required years. The court thus denied Mr. Nemiroff's claim that Ms. Ditter owed him past amounts for private high-school tuition.

Mr. Nemiroff also alleged Ms. Ditter owed him past amounts for high school tuition because she committed fraud when she first petitioned the family court to reduce the amount of her high school tuition obligation:

> The fact that the cash funds ($120,000.00) from the eventual sale of the aunt's condominium were available for use (in part) for [the child's] private school education, but instead were used (in total) for the down payment on the purchase of another condominium just prior to [the child's] start of school at Mid-Pacific Institute, resulted in the Plaintiff-Appellee's claim of her inability to meet the requirements (the 50/50 share of [the child's] private school expenses) per the Divorce Decree . . . .

For the reasons discussed above, this condominium contention is without merit.

**(3) The family court abused its discretion when it ordered Mr. Nemiroff to pay half of the child's first year of college tuition.**

The parties' divorce decree provided "the issue of an allocation of college tuition and other expenses shall be [a] reserved subject to the ongoing jurisdiction of the Family Court." Mr. Nemiroff contends no oral or written agreement allocating the obligation of college expenses existed between the parties. He contends the family court erred by concluding such an agreement existed because the conclusion was based on hearsay

7

testimony.

A partial transcript from the June 25, 2012 hearing provides the following:

> [Counsel for Ms. Ditter:] Okay. Um, and how did [the child] come to choose OSU[?]
>
> [Ms. Ditter:] . . . [W]e had a conversation about . . . what his choice was, and it was Oregon State University. And, um, so at that time we consulted with the father over the phone and, um, he agreed to pay half and this –
>
> [Counsel for Ms. Ditter:] "He" being –
>
> [Ms. Ditter:] Mr. Nemiroff.
>
> [Counsel for Ms. Ditter:] –– Mr. Nemiroff?
>
> [Ms. Ditter:] And this was at the time of acceptance around 1st of –– end of June, 1st of July. So we had this three-way conversation on the phone.
>
> Mr. Nemiroff: Uh, I'm –– I'm gonna . . .
>
> THE COURT: (Inaudible) objection?
>
> Mr. Nemiroff: My objection is there was no three-way conversation on the phone, and –– and I did not ––
>
> THE COURT: Mr. Nemiroff, why don't you (inaudible) that ––
>
> Mr. Nemiroff: Okay.
>
> THE COURT: –– and ask the question ––
>
> Mr. Nemiroff: Okay.
>
> THE COURT: –– you can bring it up (inaudible)
>
> Mr. Nemiroff: Okay.
>
> [Counsel for Ms. Ditter:] Go ahead.
>
> [Ms. Ditter:] So it wasn't a speakerphone conversation. [The child] and I were sitting at the table. <u>He called the father, had a conversation with him. He, um, responded to me that the dad would pay half</u>. I agreed to pay half. Therefore we proceeded to, um, confirm his acceptance to Oregon State.

(Emphasis added.)

Hawaii Rules of Evidence Rule 801 (Supp. 2012) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ms. Ditter's statement is hearsay because she is testifying about the out-of-court statement of the child, who was relaying the out-of-court

statement of Mr. Nemiroff. Hearsay is generally inadmissible unless it fits within a statutory exemption. See Doe v. Doe, 118 Hawai'i 293, 302, 188 P.3d 807, 816 (App. 2008). We conclude Ms. Ditter's statement is inadmissable hearsay.

HFCR Rule 61 (Harmless Error) provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

(Emphases added.) "Error in admission of evidence is not reversible unless the appellant is able to show that the alleged inadmissible evidence influenced the trial judge's decision and such decision was insupportable by other evidence." Geldert v. State, 3 Haw. App. 259, 649 P.2d 1165 (1982).

The family court found "[Ms.] Ditter credibly testified that she and [Mr.] Nemiroff had an agreement for the academic year of 2011-2012 that they would send [the child] to Oregon State University and share college expenses on an equal basis." This finding is based solely on inadmissable hearsay testimony from Ms. Ditter. Therefore, the family court's conclusion that an "agreement was reached by the Parties to equally share in the higher educational expenses," is wrong. See Moore, 82 Hawai'i at 217, 921 P.2d at 137.

**(4) Attorney's fees and costs.**

HRS § 580-47(f)[4] gives the family court broad

---

[4]    HRS § 580-47(f) provides:

> (f) Attorney's fees and costs. The court hearing any motion for orders either revising an order for the custody, support, maintenance, and education of the children of the parties, or an order for the support and maintenance of one party by the other, or a motion for an order to enforce any such order or any order made under subsection (a) of this section, may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed

(continued...)

9

discretion to award attorney's fees and costs. See Doe v. Roe, 85 Hawai'i 151, 164, 938 P.2d 1170, 1183 (App. 1997). An award of litigation expenses is within the sound discretion of the family court, subject only to the standard that it is fair and reasonable. See Markham v. Markham, 80 Hawai'i 274, 288, 909 P.2d 602, 616 (App. 1996). The September 2012 Order granted Ms. Ditter's request for attorney's fees and costs. The family court's award contains a inherent determination that the resulting award was fair and reasonable. See Riethbrock v. Lange, Nos. 28289, 28694 (App. Aug. 8, 2011) (SDO), aff'd, 128 Hawai'i 1, 282 P.3d 543 (2012).

Mr Nemiroff contends the family court "erred by not taking into account that [he] had not earned income in three plus years and there does not exist a true economic hardship due, in part, to [Ms. Ditter's] unwillingness to meet her obligations outlined in the Divorce Decree thereby requiring [him] to finance her deficient portion." The September 2012 Order provided the family court would issue a separate order regarding the amount of the award. No separate order appears in the record. Mr. Nemiroff does not cite to any such order. Therefore, we cannot determine whether any award was fair and reasonable.

**(5) Mr. Nemiroff's motion to reconsider is moot.**

Mr. Nemiroff contends he "submitted supplemental information that clearly indicated that [he] had *not* committed to paying [the child's] first year of college expenses." Since we vacate the family court's college expense determination on other grounds, this contention is moot.

**(6) Mr. Nemiroff's Motion to Vacate is moot as it relates to the family court's allocation of college expenses; the family court's denial of the motion is otherwise proper.**

Mr. Nemiroff's motion to vacate contended the family court should have vacated the September 2012 Order "due to the fact that there does not exist a complete and accurate record of the trial to be used as a basis to enact Rule 59 and or Rule 72."

---

[4] (...continued)
upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset . . . and all other circumstances of the case.

10

Essentially, Mr. Nemiroff claims error because he was unable to comb the record for a basis to request a new trial or appeal the September 2012 Order. The family court concluded "[e]ven assuming *arguendo* that [Mr. Nemiroff's] argument is factually correct, [Mr Nemiroff] does not contend that the [September 2012 Order] is inconsistent with the rulings that the [family court] placed on the record following the trial in this case." The family court thus found no basis to vacate the September 2012 Order.

On appeal, Mr. Nemiroff contends the family court erroneously denied his motion to vacate because the transcript was incomplete and did not give him "the benefit of reviewing the judges' commentary throughout the four plus hour trial." Mr. Nemiroff fails to state the specific prejudice he has sustained as a result of the incomplete transcript; the mere inability to review a complete transcript, without more, does not constitute prejudice sufficient to warrant vacating an order. See State v. Bates, 84 Hawaiʻi 211, 933 P.2d 48 (1997).

## IV. CONCLUSION

Accordingly, we vacate the part of the "Order Regarding (1) Plaintiff's Motion And Affidavit For Post-Decree Relief Filed November 22, 2011; And (2) Defendant's Motion And Affidavit For Post-Decree Relief Filed December 16, 2011" that allocates college expenses between the parties and remand this case to the Family Court of the First Circuit for further proceedings consistent with this opinion.

DATED: Honolulu, Hawaiʻi, December 30, 2013.

On the briefs:

Alan H. Nemiroff
Defendant-Appellant pro se.

Suzanne M. Ditter
Plaintiff-Appellee pro se.

Chief Judge

Associate Judge

Associate Judge

11